**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:18-cr-00142-JCM-VCF |
| vs. | **REPORT AND RECOMMENDATION** |
| ANDRE JOHNSON, | MOTION TO SUPPRESS [ECF No. 38] |
| Defendant. | |

Before the Court is the Defendant Andre Johnson's Motion to Suppress. (ECF No. 38). For the reasons discussed below, Defendant's motion is denied.[1]

## BACKGROUND

The Government charged Defendant Johnson with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (ECF No. 1 at 1). Police did not seize any items from Defendant's person. (ECF No. 38 at 13). Police recovered a magazine with ammunition on the ground and a pistol inside a bush where the Defendant had been previously hiding." (*Id.*).

On April 18, 2018, Officer Espinoza conducted a "proactive foot patrol" with Officer Marin in an apartment complex. (ECF No. 38 at 12). Officer Espinoza stated that he witnessed a male subject wearing a baggy red and white striped polo who had nothing in his hands and no weapons were apparent. (*Id.* at 13). Officer Espinoza reported that the Defendant Johnson immediately turned to the south away from the

---

[1] This Order is being issued without an evidentiary hearing. "[E]videntiary hearings on motions to suppress are only required if the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist[.]" *United States v. Hawkes*, 69 F. App'x 347, 348 (9th Cir. 2003)(internal citations omitted). As discussed further below, the Court finds that the Defendant has neither claimed nor demonstrated standing to object to the seizure of the items from a location where he had no reasonable expectation of privacy, and therefore a hearing is not necessary.

officers and turned back to peek at the officers as he was quickly walking away. (*Id.*) Officer Espinoza said that officers asked the Defendant to "come over here," to assess whether Johnson was a resident of the complex." (*Id.*) Espinoza reported that Defendant Johnson ran away from the officers, disobeying commands to stop and return." (*Id.*)

Police discovered Johnson hiding behind a bush and took him in to custody. (*Id.* at 12). Espinoza says that police handcuffed Johnson and searched him for weapons, but police did not recover any items of evidentiary value from the Defendant. (*Id*. at 13). Officers recovered a .22 caliber magazine loaded with seven rounds about ten feet from Defendant and a Phoenix Arms .22 caliber pistol with one round in the chamber inside the bush behind which the Defendant had been hiding." (*Id. at 14*). Officers also determined that Defendant is a convicted felon with two domestic battery convictions and obtained a warrant for his DNA to be compared to the firearm. (*Id.*)

Defendant filed a Motion to Suppress the gun, magazine, and ammunition police seized during the stop and arrest. (*Id.* at 1). Defendant argues that police did not have reasonable suspicion to stop Johnson when police initiated contact because Johnson had nothing in his hands and no weapons were apparent. (*Id.* at 2). Defendant also argues that there is no evidence that Johnson was willfully trying to resist contact with the officers by running. (*Id*. at 8). The Government argues in its Response that the Defendant does not have standing to challenge the lawfulness of a search and seizure because Defendant had no expectation of privacy in the location searched. (ECF No. 41 at 3). The Government argues that the Defendant has failed to address the issue of standing and has not made a requisite showing. (*Id.*) Defendant filed a Reply further supporting his arguments. (ECF No. 42). Defendant does not address the issue of standing in his Reply. (*Id.*) Defendant argues that the primary legal issue is that the officers lacked reasonable suspicion at the time they contacted Johnson and that his subsequent seizure was illegal. (*Id.* at 2).

**DISCUSSION**

The Fourth Amendment protects the right of people to be secure against unreasonable searches and seizures. Though the Fourth Amendment does not specifically preclude admission of evidence obtained in violation of its provisions, the courts have established "an exclusionary rule that, when applicable, forbids the use of improperly obtained evidence at trial." *Herring v. United States*, 555 U.S. 135, 139-40 (2009).

**I.     Whether the Defendant has Standing to Challenge the Seizure of the Gun, Magazine, and Ammunition**

The rule of standing in Fourth Amendment cases depends upon whether the person who claims the protection has a legitimate expectation of privacy in the place. See *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). When claiming the protection of the exclusionary rule, a person must show both a subjective expectation of privacy in the place being searched and that the expectation is objectively reasonable. *California v. Greenwood*, 486 U.S. 35, 37, 108 S. Ct. 1625, 1627 (1988) (Holding that the Fourth Amendment does not prohibit the warrantless search and seizure of garbage left for collection because it is common knowledge that garbage is accessible to members of the public and an individual could have no reasonable expectation of privacy in discarded items.) The burden is on the Defendant, "to establish that, under the totality of the circumstances, the search or the seizure violated their legitimate expectation of privacy." *United States v. Reyes-Bosque*, 596 F.3d 1017, 1021 (9th Cir. 2010).

The Court finds that the Defendant has not met his burden to establish a reasonable expectation of privacy in the items seized from the bush or on the ground at the apartment complex. Police seized items from public areas of an apartment complex, not from Defendant's person. The Defendant does not address the issue of standing in his Motion to Suppress or in his Reply regarding whether the Defendant had a reasonable expectation of privacy. The Defendant does not show that he had a subjective expectation of privacy in the bush or on the ground. Nor does he show that an expectation of privacy in a public area

would be objectively reasonable. Under the totality of circumstances, the police lawfully seized the gun, magazine, and ammunition from a public place where anyone could have found it.

**II. Whether Officers Had Reasonable Suspicion to Stop Defendant**

In evaluating the validity of an investigative *Terry* stop, the Court must consider "the totality of the circumstances—the whole picture." *United States v. Cortez,* 449 U.S. 411, 417 (1981). "[T]he police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (internal quotation omitted). "The officer, of course, must be able to articulate something more than an 'inchoate and unparticularized suspicion or hunch.'" *Id.* (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968)).

"[W]hen an officer, without reasonable suspicion or probable cause, approaches an individual, the individual has a right to ignore the police and go about his business." *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000), citing to *Florida v. Royer*, 460 U.S. 491, 498 (1983). "[A]lthough flight is not necessarily indicative of ongoing criminal activity…unprovoked flight is simply not a mere refusal to cooperate." *Illinois v. Wardlow*, 528 U.S. 119, 121-125 (2000). "Precedent instructs that where an individual flees from police, no submission occurs until the defendant is physically subdued." *United States v. McClendon*, 713 F.3d 1211, 1215 (9th Cir. 2013) (citing to *Cal. V. Hodari D.*, 499 U.S. 621, 629 (1991)). The Fourth Amendment's protection against unreasonable seizures includes seizure of the person. See *Henry v. United States*, 361 U.S. 98, 100 (1959). "Only when an encounter is classified as a seizure must [the Court] determine whether there was reasonable suspicion." *United States v. Hernandez*, 27 F.3d 1403, 1406 (9th Cir. 1994).

The Court does not reach the issue of whether the officers had a reasonable suspicion to stop the Defendant when 1) they observed him in the apartment complex, or 2) when police chased him after the Defendant ran. Assuming *arguendo* that the police did not have a reasonable suspicion to stop or pursue

the Defendant, the police did not seize the Defendant's person until the officers took the Defendant into custody. The guns, magazine, and ammunition that the police discovered outside in a public area were not the fruit of the seizure of the Defendant because the items were abandoned before the police seized the Defendant. There is no basis to suppress the evidence in this case.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Defendant's Motion to Suppress (ECF No. 38) is DENIED.

DATED this 13th day of August 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE