UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CR-142 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ANDRE JOHNSON, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Ferenbach's ("Judge Ferenbach") report and recommendation ("R&R") denying defendant Johnson's ("defendant") motion to suppress. (ECF No. 43). Defendant filed an objection. (ECF No. 46). The United States of America ("the government") did not respond, and the time to do so has passed.

Also before the court is defendant's motion to suppress. (ECF No. 38). The government filed a response (ECF No. 41), to which defendant replied (ECF No. 42).

**I.       Background**

The parties do not object to the factual presentation in the R&R. Therefore, the court adopts the factual representation in the R&R and will detail factual and procedural background in the discussion section of this order as necessary to explain the court's holding.

**II.      Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. When a party timely objects to a magistrate judge's report and recommendation, the court must "make a *de novo* determination of those portions of the [report and recommendation]

James C. Mahan
U.S. District Judge

1 to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify,

2 in whole or in part, the findings or recommendations made by the magistrate." *Id*.

3      Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of

4 a magistrate judge within fourteen (14) days from the date of service of the findings and

5 recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a

6 motion within fourteen (14) days after service of the motion.

7 **III.    Discussion**

8      The Fourth Amendment protects "[t]he right of the people to be secure in their persons,

9 houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

10 The United States Supreme Court created the exclusionary rule as "a deterrent sanction that bars

11 the prosecution from introducing evidence obtained by way of a Fourth Amendment violation."

12 *Davis v. United States*, 564 U.S. 229, 231–32 (2011).

13      "Exclusion is 'not a personal constitutional right,' nor is it designed to 'redress the injury'

14 occasioned by an unconstitutional search." *Id.* at 236 (quoting *Stone v. Powell,* 428 U.S. 465,

15 486 (1976)). "[I]t has been the law that 'capacity to claim the protection of the Fourth

16 Amendment depends . . . upon whether the person who claims the protection of the Amendment

17 has a legitimate expectation of privacy in the invaded place.'" *Minnesota v. Olson*, 495 U.S. 91,

18 95–96 (1990) (*quoting Rakas v. Illinois,* 439 U.S. 128, 143 (1978)). "A subjective expectation

19 of privacy is legitimate if it is one that society is prepared to recognize as reasonable." *Id.* at 96

20 (citations and quotation marks omitted). "The burden is on the defendants to establish that,

21 under the totality of the circumstances, the search or the seizure violated their legitimate

22 expectation of privacy." *United States v. Reyes-Bosque*, 596 F.3d 1017, 1026 (9th Cir. 2010)

23 (quotation marks, alterations, and citation omitted).

24      "Only when an encounter is classified as a seizure must [the court] determine whether

25 there was reasonable suspicion." *United States v. Hernandez*, 27 F.3d 1403, 1406 (9th Cir.

26 1994). "[W]hen an officer, without reasonable suspicion or probable cause, approaches an

27 individual, the individual has a right to ignore the police and go about his business." *Illinois v.*

28 *Wardlow*, 528 U.S. 119, 124 (2000) (citation omitted). "Precedent instructs that where an

1    individual flees from police, no submission occurs until the defendant is physically subdued."

2    *United States v. McClendon*, 713 F.3d 1211, 1215 (9th Cir. 2013)

3         Judge Ferenbach denied defendant's motion to suppress, holding that "the [d]efendant

4    has not met his burden to establish a reasonable expectation of privacy in the items seized from

5    the bush or on the ground at the apartment complex. Police seized items from public areas of an

6    apartment complex, not from [d]efendant's person." (ECF No. 43 at 3).  Now objecting to Judge

7    Ferenbach's holding, defendant continues to assert that he need not address his expectation of

8    privacy because, in his view, the officers did not have reasonable suspicion to stop him.  (*See*

9    *generally* ECF No. 46).

10        The court need not reach the issue of whether the officers had reasonable suspicion to

11   stop defendant.  The parties do not dispute that the officers had every right to approach defendant

12   to engage in a "consensual encounter."  (ECF Nos. 41 at 2; 43 at 5; 46 at 5).  Similarly, the

13   parties do not dispute that defendant had every right to decline such an "encounter."[1]  (ECF Nos.

14   41; 43 at 5; 46 at 5–6).

15        Defendant nonetheless contends that the officers approaching him was not an attempted

16   "consensual encounter," but a seizure.  The United States Supreme Court's holding in

17   *McClendon* belies this contention because a Fourth Amendment seizure does not occur until a

18   fleeing individual submits or is physically subdued.  Thus, defendant was not seized until he was

19   placed on the ground and in handcuffs.

20        But nothing of evidentiary value was recovered from defendant's person. (ECF No. 43 at

21   2).  Instead, the defendant disposed of the gun, magazine, and ammunition prior to being seized.

22   *Id.*  The officers found the gun, magazine, and ammunition in a public place: the lawn of and

---

24       [1] Although defendant correctly notes that he was under no obligation to talk to the
25   police, he contends that his flight cannot support a finding of reasonable suspicion. Although the
     court does not reach the issue of reasonable suspicion, the United States Supreme Court notably
     held that "nervous, evasive behavior is a pertinent factor in determining reasonable suspicion."
26   *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000).  Although defendant was within his rights to
     refuse to cooperate, "unprovoked flight is simply not a mere refusal to cooperate. Flight, by its
27   very nature, is not 'going about one's business'; in fact, it is just the opposite." *Id.* at 125.

**James C. Mahan**
**U.S. District Judge**

bush in an apartment complex. *Id.* Defendant does not suggest that, let alone meet his burden of proof to show, he had a reasonable expectation of privacy in either the bush he was found hiding behind or the public lawn. (*See generally* ECF Nos. 38, 42, 46).

The agrees with Judge Ferenbach and similarly finds that defendant has not carried his burden to prove that he had a reasonable expectation of privacy. Consequently, the exclusionary rule does not apply, and defendant's motion to suppress is denied.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Ferenbach's R&R (ECF No. 43) be, and the same hereby is, ADOPTED.

IT IS FURTHER ORDERED that defendant's pending motion to suppress (ECF No. 38) be, and the same hereby is, DENIED.

DATED October 24, 2019.

_____
UNITED STATES DISTRICT JUDGE